E-FILED
Tuesday, 10 November, 2020 11:09:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

COURTNEY EALY, )
Plaintiff, )
)
vs. ) No. 20-3027
)
ROB JEFFREYS, et. al., )
Defendants. )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of Plaintiffs' complaint pursuant to 28 U.S.C. §1915A.

I. BACKGROUND

The *pro se* Plaintiff originally filed his complaint in the Southern District of Illinois, but it was transferred to the Central District for proper venue. [1, 6]. Before the Court reviewed the complaint pursuant to 28 U.S.C. §1915A, Plaintiff filed a motion for preliminary injunction. [12]. The Court denied Plaintiff's motion explaining why Plaintiff had not met his burden for injunctive relief. *See* April 7, 2020 Text Order.

Plaintiff then appealed the Court's decision to the Seventh Circuit Court of Appeals. [13]. The Court denied Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) on appeal finding Plaintiff had not demonstrated a good faith basis for his appeal. *See* June 4, 2020 Case Management Order. The Court also noted Plaintiff had included information in his appeal which was not in his complaint. *See* June 4, 2020 Case

Management Order, p. 4-5. Ultimately, the Seventh Circuit denied Plaintiff's appeal. [24].

Although the Court has twice reviewed Plaintiff's claims, the Court has not entered a formal merit review order.

II. MERIT REVIEW

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims seven Defendants violated his constitutional rights at Lawrence Correctional Center including Illinois Department of Corrections (IDOC) Director Rob Jeffreys, Administrative Review Board Member Debbie Knauer, Warden Cameron Watson, Internal Affairs Officer Settles, Lieutenant Maher, and Adjustment Committee Members David Frank and Angela McKittrick.

Plaintiff says on August 26, 2019, officers did a "compliance check" of cells on his housing unit. (Comp., p. 7). After his cell was checked, officers ordered Plaintiff and his cell mate to cuff up. Plaintiff was taken to a shower area and Defendant Settles asked him for a urine sample. The Plaintiff complied but asked if he could be present during the subsequent test. The Defendant instead took the urine sample and left.

Plaintiff was then strip searched and taken to a segregation cell. He received an investigative report, followed by a disciplinary report. Plaintiff says several days later

he was interviewed by four officers about marijuana in the facility. Plaintiff denied knowing anything about it and asked for the results of his drug test.

The officers offered Plaintiff a chance to go to a "better" prison if he would "confess or drop a name." (Comp., p. 7). Afterwards, Plaintiff wrote a grievance and requested officers interview witnesses and check relevant video footage. Plaintiff also told officers doing rounds in the housing unit that he needed help with his defense.

On September 12, 2019, Plaintiff was called before the Adjustment Committee. It is difficult to decipher this portion of Plaintiff's complaint. However, he appears to be claiming two other inmates admitted to Plaintiff they were involved with marijuana within the facility. (Comp., p. 7-8). Both had also received disciplinary tickets. It is unclear if Plaintiff shared this information during the hearing.

Plaintiff asked the committee if they received his witness request, but the committee told Plaintiff he did not have a right to have the individuals questioned. Plaintiff asked if the committee had reviewed any video footage, and he was told he looked guilty on the visiting room footage. Plaintiff asked for the results of his drug test and for an opportunity to view the video, Defendant Committee Member Frank said we will see and concluded the hearing.

Plaintiff says his "14th, 1st, 8th and 5th amendment rights and due process" were violated during the disciplinary hearing. (Comp, p. 9). Plaintiff lists a variety of issues with the hearing including a failure to point to specific evidence against him, a failure to allow him to review the video or see his drug test results, a failure to interview his witnesses, a failure to provide the name of the confidential sources, and denying his

motion for a continuance. Plaintiff also says Illinois Department of Corrections employees should not be allowed to sit on the Adjustment Committee due to a "conflict of interest." (Comp., p. 12). Plaintiff says if the Defendants had provided these safeguards, he might have avoided the five months he spent in segregation.

Plaintiff then lists a variety of problems he encountered during his stay in segregation including time in a suicide watch cell, a lack of exercise, slow access to legal materials, no phone access, plumbing problems, freezing temperatures and unsanitary living conditions. Plaintiff did not provide a specific time frame, nor did he refer to any specific cells. (Comp., p. 13-14).

Plaintiff asks for damages, a transfer to Joliet Correctional Center, and a restoration of his A-grade status.

Plaintiff has also attached a variety of exhibits to his complaint including a September 4, 2019 Disciplinary Report. The document indicates an investigation was launched after several offenders in a housing unit tested positive for marijuana. (Comp., p. 17-18). Internal Affairs conducted several interviews and a confidential source stated the Plaintiff had the marijuana. The source also admitted getting marijuana from the Plaintiff.

A second confidential source stated Plaintiff had a female visitor bring marijuana to him during a visit. Internal Affairs also listened in on a phone call Plaintiff made using another inmate's PIN number in which he asked a female to bring something to him. Officers then observed the female pass something to Plaintiff during the visit.

A September 4, 2019 Adjustment Committee Report found Plaintiff guilty of possessing marijuana, possession of another inmate's personal PIN number, and abuse of privileges. (Comp., p. 19). The report indicates Plaintiff admitted he was guilty of all but possession of marijuana. The "Basis for Decision" section of the report repeats the information from the internal affairs investigation. (Comp., p. 19).

Plaintiff has not attached the section of the report stating what discipline was recommended, but Plaintiff claims he received five months in segregation and a demotion to C-grade status.

Plaintiff's complaint does not provide a factual basis for a claim pursuant to the First or Fifth Amendment. Plaintiff has alleged a violation of his Fourteenth Amendment Due Process rights.[1] The Court notes an inmate's liberty interest in avoiding segregation is limited, but Plaintiff's allegations concerning unsanitary living conditions is sufficient to state a claim. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Smith v. Baldwin*, 2020 WL 607133, at *2 (S.D.Ill. Feb. 7, 2020). Plaintiff would not have a right to many of the specific requests he made regarding his disciplinary hearing, such as the names of confidential informants or an opportunity to view the video footage. Nonetheless, for the purposes of notice pleading Plaintiff has also alleged he was denied due process protections during the hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[1] Plaintiff does not assert he lost good time credits as a result of his disciplinary ticket. Plaintiff is advised if he did lose good time credits, he would not be able to proceed with a due process claim unless he could demonstrate the disciplinary ticket was overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994): *Edwards v. Balisok,* 520 U.S. 641, 648 (1997).

Plaintiff may proceed with his due process claim against the Defendants who were directly involved in either the Adjustment Committee hearing or the discipline imposed including Warden Watson, Adjustment Committee Chairman David Frank, and Committee Member Angela McKittrick. However, the Court will dismiss any intended claims against Internal Affairs Officers Majer and Settles since neither was involved in the discipline imposed.

In addition, IDOC's Acting Director Jeffreys would not be involved in an individual inmate's discipinary hearing and Plaintiff cannot sue an individual simply because he or she is a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( supervisors are not liable for the errors of their subordinates).

Finally, the Court will dismiss Administrative Review Board Member Debbie Knauer since the denial of a grievance is not a constitutional violation. *See George v Smith*, 507 F.3d 605, 609(7th Cir. 2007)("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Warden Watson, Adjustment Committee Chairman David Frank, and Committee Member Angela McKittrick violated his Fourteenth Amendment due process rights. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be

included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Jeffreys, Knauer, Settles, and Maher for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion concerning the status of merit review as moot, [27, 28]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines: and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 10th day of November, 2020.

s/James E. Shadid

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE